# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ROBERT S. HURLEY JR.,**
**Claimant Below, Petitioner**

**FILED**
November 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0034** (BOR Appeal No. 2046060)
(Claim No. 2006046205)

**DAVID STANLEY CONSULTANTS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert S. Hurley Jr., by Charlene Foose Geyer, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. David Stanley Consultants, LLC, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 14, 2011, in which the Board reversed a June 16, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 29, 2009, Order granting a 23% permanent partial disability award for bunions and neuralgia of both feet. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21 (d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Hurley was employed by David Stanley Consultants, LLC as a fire boss requiring him to walk between twelve to sixteen miles per day wearing special footwear. Mr. Hurley filed a workers' compensation claim that was held compensable for injuries to both of his feet. On June 29, 2009, the claims administrator granted Mr. Hurley a 23% permanent partial disability award. The Office of Judges reversed and granted Mr. Hurley a 28% permanent partial disability award based upon the report of Dr. Anbu K. Nada.

1

The Board of Review reversed the Office of Judges's Order and reinstated the claims administrator's Order granting Mr. Hurley a 23% permanent partial disability award. Mr. Hurley argues that the evidence does not support a finding that the use of the gait method was inappropriate and the Office of Judges Order is not clearly wrong or against the preponderance of the evidence. David Stanley Consultants, LLC maintains that Dr. Guberman and Dr. Jin found that the gait derangement was an improper rating method and that when a person walks with a deranged gait using a cane, then the person would only qualify for one gait derangement.

On May 21, 2009, Dr. Guberman examined Mr. Hurley and found that he was at maximum medical improvement and recommended a 23% permanent partial disability award. On June 3, 2009, Dr. James Daupin, an orthopedic surgeon, reviewed the report of Dr. Guberman and agreed with Dr. Guberman's opinion. On August 12, 2009, Dr. Anbu K. Nada, an orthopedic surgeon, examined Mr. Hurley and recommended a 28% permanent partial disability award. Dr. Nadar used the gait derangement method from the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993) and rated each lower extremity with 15% impairment with a combined whole person impairment of 28%. On September 1, 2010, Dr. Jin reviewed the medical reports and agreed with Dr. Guberman. She disagreed with Dr. Nadar stating that gait derangement was not a specific method for rating Mr. Hurley. According to the American Medical Association's Guides, 3.2 at page 75, "If both extremities are impaired, the impairment of each should be evaluated and expressed in terms of the whole person, and the two percents should be combined."

The Board of Review found Dr. Nadar's interpretations of the American Medical Association's Guides, were not reliable or credible. We disagree. The Office of Judges found that the evidence does not support a finding that the use of the gate derangement method was improper. The Office of Judges found that the opinion of Dr. Nadar provided better support for Mr. Hurley's position. The Office of Judges noted that Dr. Nadar rated Mr. Hurley under a different method than Dr. Guberman but the method was consistent with the American Medical Association's Guides. The Office of Judges further noted that Mr. Hurley had surgery on both of his feet, both of which affect his gait. We agree with the Office of Judges that Dr. Nadar's rating of Mr. Hurley's permanent partial disability award was consistent with the American Medical Association's Guides.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the Board of Review's Order of December 14, 2011, is reversed, and the case is remanded with instructions to reinstate the Office of Judges's June 16, 2011, Order granting Mr. Hurley a 28% permanent partial disability award.

Reversed and Remanded.

**ISSUED:   November 14, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin